**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**JOSEPH J. YEOMAN,**

**Petitioner,**

**v.** **Case No. 26-CV-666**

**ALISHA KRAUS,**

**Respondent.**

---

## ORDER ON THE PETITION FOR A WRIT OF HABEAS CORPUS

---

Joseph J. Yeoman, who is incarcerated pursuant to the judgment of a Wisconsin Circuit Court, filed a petition for a writ of habeas corpus.

Rule 4 of the Rules Governing Section 2254 Cases states:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Except under very limited and rare circumstances, a court cannot grant a habeas petition unless the petitioner first exhausts his remedies in state court. *See* 28 U.S.C. § 2254(b)(1); *Mata v. Baker*, 74 F.4th 480, 488 (7th Cir. 2023). Although exhaustion is an affirmative defense that the respondent may waive or forfeit, *see Martin v. Hepp*, No. 23-cv-594-pp, 2023 U.S. Dist. LEXIS 123259, at *5 (E.D. Wis. July 18, 2023) (citing *Day v. McDonough*, 547 U.S. 198, 199 (2006)), the court may

dismiss the petition under Rule 4 when it is clear that a petitioner has failed to exhaust his available state court remedies, *see Wohlrabe v. Rybroeck*, No. 25-CV-1284, 2025 U.S. Dist. LEXIS 179932, at *2 (E.D. Wis. Sep. 15, 2025) (citing *Kennison v. Sheriff*, No. 1:25-CV-188-GSL-AZ, 2025 U.S. Dist. LEXIS 93934, at *1 (N.D. Ind. May 16, 2025); *It v. Mlodzik*, No. 25-CV-598-JPS, 2025 U.S. Dist. LEXIS 105738, at *3 (E.D. Wis. June 4, 2025)).

Exhaustion means that "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S. Ct. 1728, 1732, 144 L.Ed.2d 1, 9 (1999). This requires the petitioner to present the claim to "the state courts in a procedurally proper manner." *Anquin St. Junious v. Wisconsin*, No. 26-cv-618-wmc, 2026 U.S. Dist. LEXIS 159019, at *3 (W.D. Wis. July 16, 2026) (citing *Picard v. Connor*, 404 U.S. 270, 275 (1971); *Baldwin v. Reese*, 541 U.S. 27, 29 (2004)).

Yeoman acknowledges that he has not exhausted claims two through five of his petition. (ECF No. 3.) Therefore, he asks the court to stay the proceedings and hold his petition in abeyance while he exhausts his remedies in state court. (ECF No. 3.) He notes that he filed a petition for post-conviction relief on March 17, 2026 (ECF No. 3), roughly three weeks before he filed the present petition.

The stay and abeyance procedure arose to mitigate the potentially harsh consequences that could arise from the combination of (1) the requirement that a petitioner exhaust all his claims before presenting any in federal court, 28 U.S.C.

§ 2254(b)(1); (2) the bar on second or successive petitions, 28 U.S.C. § 2244(a), (b); (3) the requirement that any federal habeas petition be filed within one year of the conviction becoming final, 28 U.S.C. § 2244(d); and (4) the fact that, while "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending" does not count towards the one-year deadline, 28 U.S.C. § 2244(d)(2), the one-year clock does not stop with the filing of a federal habeas petition. *See Rhines v. Weber*, 544 U.S. 269, 275 (2005).

Courts should apply the stay and abeyance procedure only in limited circumstances. *Rhines,* 544 U.S. at 277. The petitioner must demonstrate good cause for his failure to exhaust his state court remedies. *Id.* The unexhausted claims must be plausibly meritorious. *Id.* And the petitioner must have proceeded diligently. *Id.* at 277-78.

The respondent opposes Yeoman's motion to stay, arguing that Yeoman's claims lack plausible merit. (ECF No. 6 at 2-7.) Significantly, the state court is likely to hold that his claims should have been presented in his initial appeal and therefore are procedurally barred. (ECF No. 6 at 3.)

It is unnecessary to consider the *Rhines* framework because Yeoman has failed to demonstrate that a stay is necessary. The respondent acknowledges that Yeoman's conviction became final on July 9, 2025, thus starting the one-year clock. (ECF No. 6 at 2.) The one-year clock stopped on March 17, 2026, when Yeoman filed his motion for postconviction relief in state court. While the respondent argues that his claims

for relief may be procedurally barred, there is nothing to suggest that it was not "properly filed" as that term is used under 28 U.S.C. § 2244(d)(2). Thus, the one-year clock under 28 U.S.C. 2244(d)(1) stopped after 8 months and 8 days. The clock will remain stopped until either Yeoman exhausts his state court remedies by subjecting his claims to one complete round of review in the state courts or the time for seeking further review passes. In any event, once the one-year clock starts running again, Yeoman will have more than three months in which to prepare and file a habeas petition in this court, if necessary. That is ample time, and therefore it is unnecessary to stay these proceedings and hold his petition in abeyance. Rather, the court will dismiss his petition and this action without prejudice because it is undisputed that Yeoman has not exhausted his state court remedies as to all his claims. Moreover, in seeking a stay, he has clearly indicated that he does not wish to dismiss his unexhausted claims and proceed with his exhausted claim.

Finally, pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2254 Proceedings, and 28 U.S.C. § 2253(c), the court must consider whether to grant Yeoman a certificate of appealability. Because the court is dismissing the petition on procedural grounds, a certificate of appealability is appropriate only if reasonable jurists would find it "debatable whether the petition states a valid claim of the denial of a constitutional right" and it is "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The court finds that reasonable jurists could not find this court's decision to be debatable, and therefore the court will deny a certificate of appealability.

**IT IS THEREFORE ORDERED** that the petitioner's motion to stay (ECF No. 3) is **denied**.

**IT IS FURTHER ORDERED** that the petition and this action are **dismissed without prejudice** pursuant to Rule 4 of the Rules Governing Section 2254 Cases. The court declines to issue a certificate of appealability. The Clerk shall enter judgment accordingly.

Dated at Green Bay, Wisconsin this 17th day of August, 2026.

*s/ Byron B. Conway*
BYRON B. CONWAY
United States District Judge